UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FLODIN, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>CENTRAL GARDEN & PET COMPANY, et al.,<br><br>  Defendants. | Case No. 21-cv-01631-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS THIRD AMENDED COMPLAINT; ORDER DENYING REQUEST FOR SANCTIONS**<br><br>Re: ECF No. 108 |

This case concerns allegedly misleading representations by Defendants Central Garden & Pet Company and Breeder's Choice Pet Foods, Inc. regarding their AvoDerm dog and cat food. Following briefing on Defendants' motion to dismiss the second amended complaint ("SAC"), the Court dismissed Plaintiffs' claims based on Defendants' "Made in the USA" representation, with leave to amend except as to claims under Washington state law. ECF No. 96 at 6. The Court concluded that, "[e]ven accepting as true Plaintiffs' factual allegation about the product packaging [where avocado was listed as the seventh of the top ten ingredients], the Court cannot reasonably infer that AvoDerm consists of greater than five percent avocado by weight, much less by value." *Id.* at 2. The Court rejected Defendants' arguments that all of Plaintiffs' claims fail because their allegations contradict each other. *Id.* at 5.

Plaintiffs filed a timely third amended complaint ("TAC") attempting to cure the deficiencies in their "Made in the USA" claims. ECF No. 102. Defendants have moved to dismiss the entire TAC without leave to amend, and they also seek monetary sanctions. ECF No. 108. The Court will grant Defendants' motion to dismiss in part and deny it in part, and will deny Defendants' request for sanctions.

The TAC adds the following allegations:

After a reasonable opportunity for further investigation or discovery into the formulation of AvoDerm products and related manufacturing costs, the evidence is likely to show that the avocado and/or avocado oil in AvoDerm products exceed the 5% safe harbor limit.  This is because:

a. Defendants' marketing admits that "avocados are *a key ingredient in AvoDerm recipes*."  The term "key" is defined as "extremely or crucially important."  https://www.merriam-webster.com/dictionary/key.  Defendants' use of the term "key" to describe the avocado ingredients in AvoDerm makes no sense if avocado or avocado oil do not even make up 5% of the wholesale value of the product.

b. Defendants' marketing admits that avocados are a "top" ingredient in AvoDerm.  The adjective "top" means "of *the highest* quality, amount, or degree."  *See https://www.merriam-webster.com/dictionary/top*.  Thus, by pure definition, Defendants' own descriptions of avocado in AvoDerm demonstrate that avocado is among the highest amount or degree in AvoDerm, which signifies that it is greater than 5% of the value of the product.

c. Defendants make the claim that "AvoDerm can help provide nutritious meals!  Avocados are a great source of good fats and antioxidants that can help produce healthy skin and a beautiful coat."  https://avodermnatural.com/why-avocados/ (last visited March 30, 2023).  Similarly, Defendants make statements such as "AvoDerm Natural Dog Food and Cat Food with Omega-Rich Avocado Provides Complete and Balanced Nutrition For Healthy Skin and A Beautiful Coat." https://avodermnatural.com/ (last visited 3/30/2023/).  These statements raise a plausible inference that avocado and/or avocado oil exceed the 5% safe harbor limit.  Anything less than 5% of avocado ingredients in the product would be unlikely to provide any real benefit to the pet's skin or coat as Defendants claim.

d. The FDA requires that pet food contain an ingredient list that lists all the ingredients in the product in order of predominance from most to least, based on weight.  With little to no exception, AvoDerm dry cat and dog food has approximately 35-40 ingredients.  The ingredient list on each AvoDerm package lists avocado or avocado oil within the first 10 ingredients of every product, and most often it is the seventh or eighth ingredient out of the 35-40 ingredients listed.  Simple math signifies that avocado or avocado oil is present in greater proportion by weight than 80% of all other ingredients in the product (i.e., 8th ingredient divided by 32 other ingredients places avocado in the top 20th percentile).  Furthermore, many products, such as those purchased by Plaintiffs here, list avocado as 7th or 8th ingredient in the formula, in addition to avocado oil listed later in the ingredient list.  Thus, the predominance of avocado and avocado oil in the ingredient lists support a finding that avocado ingredients exceed the 5% safe harbor limit of the product.

   e. In short, everything about AvoDerm is centered around the avocado, including the name of the product "'Avo'Derm" [sic] that also features a picture of an avocado as the "o" in "AvoDerm," the green-color scheme of the packaging, imagery of avocado trees on the packaging and the numerous marketing statements touting the benefits of avocado as a central theme of the pet food as alleged herein. None of this would make any sense if avocado made up only a negligible and insignificant amount and value of AvoDerm.

*Id.* ¶ 8 (emphases in original) (footnote omitted); *see also id.* ¶¶ 95, 103 (repeating allegations in paragraph 8).

   These allegations are insufficient to plausibly allege claims based on Defendants' "Made in the USA" representation. While the TAC adds more *conclusions* to the complaint, the *factual allegations* remain unchanged from the SAC. *See, e.g.*, ECF No. 56 ¶ 1 ("Defendants' central and uniform marketing claim is that 'avocados are a *key ingredient in AvoDerm recipes*' and the very 'o' in AvoDerm is an illustration of an avocado." (emphasis in original)); *id.* at 4 (Fig. 3) (examples of ingredient listings, showing "avocado" as seventh ingredient); *id.* ¶ 8 ("As alleged herein, 'avocado' is listed as one of the 'Top 10' ingredients in AvoDerm can and dog food products."); *id.* ("[A]vocado is listed among the most predominant ingredients in AvoDerm products. . . ."); *id.* ¶ 41 ("[E]verything about Defendants' AvoDerm product is about the avocado, which signifies to Plaintiffs and the reasonable consumer that avocado is a main (or chief, principal) ingredient in the product."); *id.* ("'AvoDerm' has avocado as part of its name, the 'o' in AvoDerm is a picture of an avocado, Defendants' color scheme for its products are green to resemble the avocado, and the benefits of avocado for the pet's hair and skin (the 'Derm' in AvoDerm) is key marketing message throughout Defendants' advertising of the products."); *id.* ¶ 42 ("Defendants also specifically disseminate messages that avocado is a 'key' or 'top' ingredient in the product."); *id.* ¶ 65 (listing "examples of claims AvoDerm makes and had made at relevant times during the class period on the AvoDerm packaging and through marketing, among several others, relating to California avocados," including claims about alleged health benefits for a pet's nutrition, skin, and coat). Thus, as with the SAC, "the well-pleaded facts [in the TAC] do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). As before, "[n]othing about [the] ingredient order compels (or

even supports) the conclusion that a particular ingredient constitutes any specific percentage of the product—by value, weight, or any other metric." ECF No. 96 at 2. The same is true of representations that avocado is a "key" or "top" ingredient. While it is possible that avocado represents "more than 5 percent of the final wholesale value of the manufactured product," Cal. Bus. & Prof. Code § 17533.7(b), the factual allegations in the TAC do not cross the line into plausibility.[1] *See, e.g.*, *Iqbal*, 556 U.S. at 678 (holding that it is insufficient for a plaintiff to "plead facts that are 'merely consistent with' a defendant's liability" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiffs' claims based on Defendants' "Made in the USA" representation are therefore dismissed. Given that Plaintiffs have now had multiple opportunities to attempt to allege these claims, dismissal is without leave to amend. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996)). However, as the Court previously explained, "if Plaintiffs' discovery reveals facts relevant to the dismissed claims, Plaintiffs may have grounds to seek leave to amend." ECF No. 103 at 2; *see also id.* at 2–3 ("Whether a motion for leave to amend would be granted is not before the Court, and the Court does not decide that question in advance.").

The Court denies Defendants' renewed request to dismiss the complaint in its entirety on grounds that Plaintiffs' contradictory allegations make all of their claims implausible. As the Court previously concluded, there is nothing contradictory about allegations that "avocado 'makes up a significant percentage of AvoDerm products' for purposes of [Plaintiffs'] 'Made in the USA' claims, but not so significant a percentage so as 'to qualify as a main ingredient' for purposes of their other claims." *Id.* (quoting ECF No. 56 ¶ 8).

Finally, Defendants request sanctions under either 28 U.S.C. § 1927 or the Court's inherent authority. Defendants did not comply with Civil Local Rule 7-8(a), which requires that any

---

[1] Because Plaintiffs have not plausibly alleged that avocado makes up more than five percent of the value of the product, they necessarily have failed to plausibly allege that foreign avocado satisfies that threshold. Nor do Plaintiffs allege that any other ingredient comes from outside the United States.

4

motion for sanctions "must be separately filed." The request is therefore procedurally improper and is denied on that basis.

## CONCLUSION

Defendants' motion to dismiss Plaintiffs' third amended complaint is granted in part and denied in part. Plaintiffs' claims based on Defendants' "Made in the USA" representation are dismissed without leave to amend. Defendants shall file an answer within 14 days of the date of this order.

Defendants' request for sanctions is denied as procedurally improper.

**IT IS SO ORDERED.**

Dated: July 21, 2023

_____
JON S. TIGAR
United States District Judge