UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FLODIN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTRAL GARDEN & PET COMPANY, et al.,<br><br>    Defendants. | Case No. 21-cv-01631-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE MATERIAL UNDER SEAL**<br><br>Re: ECF Nos. 139, 147, 155, 167 |

Before the Court are Plaintiffs' motions to file under seal material designated by Defendants as confidential. ECF Nos. 139, 147, 155, 167. The Court will deny the motion filed at ECF No. 139, and grant in part and deny in part the motions filed at ECF Nos. 147, 155, and 167.

## I.   BACKGROUND

ECF No. 139 seeks to seal material filed in connection with Plaintiffs' opposition to Defendants' motion for leave to file a third-party complaint. After reviewing Defendants' statement in support of sealing, ECF No. 144, the Court found "the request, at a minimum, to be insufficiently narrowly tailored" and allowed Defendants an opportunity to "request a more narrow sealing order." ECF No. 151 at 2. Defendants timely filed a more narrow sealing request. ECF No. 159.

ECF Nos. 147 and 155 seek to seal material filed in connection with Plaintiffs' motion for class certification. Defendants narrowed their sealing request in response to ECF No. 147. ECF No. 157. They did not file any statement in support of sealing in response to ECF No. 155.

ECF No. 167 is a correction of ECF No. 147 because Plaintiffs filed "the public slip sheets . . . for certain documents [attached to ECF No. 147], rather than the actual confidential exhibits." ECF No. 167 at 2. The sealing motion at ECF No. 147 included all of the documents raised in

ECF No. 167. Because Defendants have already responded to ECF No. 147, the Court finds ECF No. 167 ripe for resolution without waiting for a further response in support of sealing from Defendants.

## II.    LEGAL STANDARD

When a party seeks to maintain under seal material filed in connection with a motion that "is more than tangentially related to the merits of a case," it must show "compelling reasons" to do so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Defendants do not dispute that this standard applies to the instant sealing motions. ECF No. 157 at 2; ECF No. 159 at 2. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court,'" but "[e]xamples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 1097 (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598–99 (1978)).

## III.    DISCUSSION

The Court agrees with Defendants that non-public sales data, documents that reveal non-public business strategies, and non-public product formulas may be filed under seal. *E.g.*, *HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334JLR, 2023 WL 8433121, at *2 (W.D. Wash. Dec. 5, 2023) (sealing "information concerning confidential discussions or agreements with suppliers as well as formulas, recipes, and pricing information that are not publicly available"); *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking, and financial records, which would expose [the defendant] to competitive harm if disclosed"). Thus, the Court grants the motion to file under seal Exhibits 2, 3, 8, 13, 14, 15, 24, and 25 to the Declaration of Courtney Vasquez in Support of Class Certification, as well as the portions of the Vasquez Declaration, the Declaration of Colin B. Weir, and Plaintiffs' motion for class certification identified by Defendants at ECF No. 157 at 5.

However, although entire product formulas are subject to sealing, Defendants have cited no authority for the proposition that revealing the percentage of a single ingredient, or the results of

testing regarding a single ingredient, "might harm [Defendants'] competitive standing." *Nixon*, 435 U.S. at 598. Defendants argue that "revealing the specific amount of avocado in the AvoDerm products could place Central Garden and the new Breeder's Choice business at a competitive disadvantage," ECF No. 157 at 4, and, similarly, that the testing information at issue "could be used unfairly by competitors to harm" either Defendants' or third-party suppliers' business interests, ECF No. 159 at 2 (quoting *Meghinasso v. Mercedes-Benz USA*, No. C17-5930-LK, 2022 WL 392928, at *3 (W.D. Wash. Feb. 9, 2022)). But reliance on such "conclusory statements that publication of the information 'could pose significant commercial harm to [the party seeking to maintain information under seal]' . . . does not come close to establishing compelling reasons to conceal this material from the public." *Corvello v. Wells Fargo Bank N.A.*, No. 10-cv-05072-VC, 2016 WL 11730952, at *1 (N.D. Cal. Jan. 29, 2016). Defendants also do not seek to seal related information, such as Plaintiffs' statements regarding the "*negligible* amount of avocado meal/power and avocado oil in each of the Products," *e.g.*, ECF No. 157-1 at 14 (emphasis added); Plaintiffs' declarations regarding their beliefs "that the dog food contained an appreciable amount (significantly *more than 1%*) of actual, real avocado" and stating they might not have purchased the product, or would have paid less, if they "had known that there was *less than 1%* of avocado meal/powder in the formula," *e.g.*, ECF No. 155-6 ¶¶ 5, 7 (emphasis added); or Defendants' specifications requiring avocado in their products to be persin-free, *e.g.*, ECF No. 134-2 at 31, 33. Accordingly, the motions to seal are denied as to the specific amount of avocado in the challenged products, references to that amount, and the persin test results.

## CONCLUSION

In accord with the above discussion, Plaintiffs' motion to file under seal material related to their opposition to Defendants' motion for leave to file a third-party complaint is denied. ECF No. 137. Plaintiffs' motions to file under seal material related to their motion for class certification are granted in part and denied in part. ECF Nos. 147, 155, 167. The motions are granted only as to Exhibits 2, 3, 8, 13, 14, 15, 24, and 25 to the Declaration of Courtney Vasquez in Support of Class Certification, as well as the portions of the Vasquez Declaration, the Declaration of Colin B. Weir, and Plaintiffs' motion for class certification identified by Defendants at ECF No. 157 at 5.

3

By April 12, 2024, Plaintiffs shall file: (1) a public version of their motion for class certification, and all supporting declarations and exhibits, that complies with this order; (2) updated redacted versions of these documents as necessary; and (3) a public unredacted version of their opposition to Defendants' motion for leave to file third-party complaint and supporting exhibits.  When filing exhibits, counsel shall clearly identify the exhibit, including by number where appropriate, in the docket text—e.g., "Exhibit 1 to Declaration of Courtney Vasquez."  Once Plaintiffs re-file their motion for class certification, the Clerk will terminate the version of the motion filed at ECF No. 146.

Also by April 12, 2024, Plaintiffs shall submit another flash drive containing only Exhibits 5, 6, and 7, which were not subject to any sealing motion.  This flash drive shall be maintained in the public record.  Plaintiffs previously submitted a flash drive containing Exhibits 5, 6, 7, 14, 15, 24, and 25.  Because the Court has sealed Exhibits 14, 15, 24, and 25, the Clerk shall maintain that flash drive under seal.

**IT IS SO ORDERED.**

Dated:  April 5, 2024



JON S. TIGAR
United States District Judge