UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FLODIN, et al., <br><br>   Plaintiffs, <br><br>   v. <br><br> CENTRAL GARDEN & PET COMPANY, et al., <br><br>   Defendants. | Case No. 21-cv-01631-JST <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT** <br><br> Re: ECF No. 134 |

Before the Court is Defendants' motion for leave to file a third-party complaint. ECF No. 134. The Court will grant the motion.

## I. BACKGROUND

On March 8, 2021, Plaintiffs Aaron Brand and John Flodin filed this putative class action against Defendants Central Garden & Pet Company and Breeder's Choice Pet Foods based on allegedly misleading representations regarding Defendants' AvoDerm dog and cat food. Some of those representations concern the origin of the avocado used in the AvoDerm products—for example, that the products are "only made with the flesh or oil of California avocados." ECF No. 102 ¶ 5 (emphasis omitted).

After several rounds of motions to dismiss, Defendants filed answers to the now-operative third amended complaint on August 24, 2023. ECF Nos. 119, 120. The Court issued an amended scheduling order including dates through class certification, ECF No. 123, and the parties began discovery. No trial date or discovery cut-off date has been scheduled.

On February 16, 2024, Defendants filed a motion for leave to file a third-party complaint against one of their suppliers, Elements LLC. ECF No. 134. Defendants contend that they contracted exclusively with Elements to purchase avocado powder and oil for use in AvoDerm

products, and that their contracts with Elements required that these ingredients "be made exclusively with avocados grown in California." ECF No. 134-2 at 4 (¶¶ 12–13). As part of their discovery in this case, Plaintiffs subpoenaed documents, including as to the sourcing of avocados, from Elements and two of Elements' suppliers, Adams Vegetable Oils, Inc., and Charkit Chemicals Company. Plaintiffs provided Defendants with those documents on February 5, 2024, November 8, 2023, and January 24, 2024, respectively. ECF No. 134-1 ¶¶ 3–7.[1] Defendants' proposed third-party complaint alleges that, despite certifying to Defendants that the avocado powder and oil were made with avocados grown in California, Elements knew that Adams and Charkit, its suppliers of those ingredients, were using avocados grown in other countries, and that this information was "revealed" to Defendants by the aforementioned third-party discovery. *E.g.*, ECF No. 134-2 at 11 (¶ 30).

Plaintiffs point to several documents preceding Defendants' receipt of third-party discovery that, according to Plaintiffs, indicate Defendants' awareness that the avocado used in the AvoDerm products was not sourced in California. For example, on May 13, 2020, after receiving notice of Plaintiffs' impending lawsuit, Defendants' general counsel emailed Elements and expressed "significant doubt" as to whether Elements' California representations "can be fully substantiated." ECF No. 134-2 at 74. The email also requested: "[I]f you have information that would support the prior representations made to Breeders *beyond the limited and insufficient information provided so far*, I ask that you collect and provide such information to me promptly so that I can make appropriate use of it to resolve the matter." *Id.* at 75 (emphasis added). Nearly three months later, on August 2, 2020, Defendants' general counsel again wrote to Elements: "Notwithstanding your assurances, I have received no contact from your company or its counsel or carrier about this matter." *Id.* at 73. Counsel stated Defendants' intent "to hold [Elements] responsible for any losses or expenses" if Elements' "assurance that your company has previously provided as to the [California] source of the avocado oil or powder turn out to be anything less

---

[1] Paragraph 3 of this declaration from Defendants' counsel contains a typographical error and states that the Adams discovery was emailed on November 8, 2020. ECF No. 134-1 ¶ 3. The referenced exhibit is an email exchange dated November 8, 2023. ECF No. 134-3 at 2–3.

1    than 100% true and accurate." *Id.* Plaintiffs also point to a June 2, 2020 email in which
2    Defendants' plant manager stated that Elements "lied about where they source the product." ECF
3    No. 172-2 at 1.
4    Defendants counter that these emails might indicate one person's beliefs or the companies'
5    doubts regarding the sourcing of avocados in the ingredients purchased from Elements. However,
6    they assert that they "did not seek to implead Elements until they uncovered the required
7    evidentiary support and confirmed that their claims had merit"—which Defendants contend did
8    not occur until they received the third-party discovery obtained by Plaintiffs. ECF No. 143 at 4.

## II.   LEGAL STANDARD

Rule 14 of the Federal Rules of Civil Procedure allows a defendant, "as third-party plaintiff, [to] serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The rule is intended "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).

Leave of court is required when, as here, the defendant seeks to file a third-party complaint "more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court," *United States v. One 1977 Mercedes Benz, 450 SEL*, 708 F.2d 444, 452 (9th Cir. 1983), and "leave to file a third-party claim is liberally granted in furtherance" of judicial efficiency, *Maranon v. Santa Clara Stadium Auth.*, No. 15-cv-04709-BLF, 2016 WL 11810444, at *1 (N.D. Cal. Dec. 9, 2016). In deciding whether to grant leave, courts consider several factors, including "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Id.*

## III.  DISCUSSION

The Court first addresses Plaintiffs' argument that Defendants' proposed third-party complaint is improper because "Elements cannot be and is not liable to Plaintiffs at all." ECF

3

No. 172 at 6. Plaintiffs are incorrect. The question is not whether the proposed third-party defendant can be liable to the original plaintiff; instead, as stated in the rule, a defendant may file a third-party complaint when a nonparty "is or may be liable *to it* for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1) (emphasis added). That is precisely the case here: Defendants believe that Elements is liable to them for part of the claim that Plaintiffs have brought against Defendants, and they seek indemnification from Elements for any such liability. Indemnification "inherently seek[s] derivative liability" and is one of "the traditional grounds for a third-party action." *Tom Hussey Photography LLC v. Fam. Matters In-Home Care LLC*, No. 20-cv-08197-YGR, 2021 WL 5083553, at *2 (N.D. Cal. Nov. 2, 2021). Defendants' proposed filing is a proper third-party complaint.

Turning to the factors the Court should consider when determining whether to grant leave to file a third-party complaint, the Court agrees with Plaintiffs that Defendants' motion is untimely. While there is no dispute that Defendants timely filed their motion based on the date on which they received third-party discovery as to Elements and Charkit, they waited three months before filing their motion after receiving discovery as to Adams. Moreover, the 2020 email correspondence from Defendants' general counsel makes clear that—even prior to the filing of this lawsuit—Defendants believed Elements had likely been misleading Defendants as to the origin of the avocados used in the ingredients Defendants purchased from Elements. It therefore appears that Defendants had at least sufficient information and belief to file and serve the proposed third-party complaint within 14 days of serving their answers.

Timeliness, however, is not dispositive. *E.g.*, *Diamond Foods, Inc. v. Hottrix, LLC*, No. 14-cv-03162-BLF, 2018 WL 500241, at *4 (N.D. Cal. Jan. 22, 2018) (granting leave to file third-party complaint "[d]espite the untimeliness of [the] motion"). In this case, all other factors weigh in favor of granting Defendants' motion. No trial date has been set. Nor is there a deadline to complete discovery, and at least some of the discovery that will be conducted on the third-party complaint has already been completed. Plaintiffs argue that bringing Elements into the case as a third-party defendant will delay the Court's decision on their pending class certification motion, but it is not clear to the Court why that would be so. Although adding the third-party complaint to

4

this case will necessarily expand the issues that ultimately must be decided, the Court can—as Plaintiffs have suggested—bifurcate trial on the third-party complaint if it determines that those claims warrant a separate trial. Plaintiffs also argue:

> Adding Elements as a party here makes even less sense given that Defendants changed the label to remove the California representation and the primary focus at certification and trial is that AvoDerm—a pet food that is based entirely off of the avocado fruit—was made with less than one percent (<1%) of an avocado meal/powder during the Class Period.

ECF No. 172 at 7 (emphasis omitted). The Court has reviewed Plaintiffs' motion for class certification, which does, in fact, make little mention of avocado-sourcing claims. *See* ECF No. 171. However, as Defendants correctly observe, Plaintiffs have not "drop[ped] their claims about the California representations," and such claims remain a part of this case. ECF No. 143 at 8. Even considering Defendants' untimeliness in bringing their motion, the Court "favors resolving all of the disputes between the parties as expeditiously as possible. . . . If [Defendants are] not permitted to implead [Elements] into this action, [they] will be forced to seek separate relief in a new cause of action. This would frustrate judicial efficiency." *Green Valley Corp. v. Caldo Oil Co.*, No. 09-cv-04028-LHK, 2011 WL 1465883, at *8 (N.D. Cal. Apr. 18, 2011).[2] Bringing Elements into the case as a third party would promote judicial efficiency without delaying trial, unnecessarily complicating the issues, or otherwise prejudicing Plaintiffs.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The *Green Valley* court granted leave to file a third-party complaint even after determining that the proposed third-party defendants' "lack of familiarity with the case will likely slow discovery and potentially necessitate a new trial date." 2011 WL 1465883, at *8. Thus, the prejudice in that case—which the court found to be insufficient to outweigh the interest in judicial efficiency—was greater than here, where the Court has yet to set a discovery cut-off or trial date.

**CONCLUSION**

Defendants' motion for leave to file a third-party complaint is granted. Defendants shall file their complaint within seven days of the date of this order and complete service within 35 days of the date of this order.

**IT IS SO ORDERED.**

Dated: August 2, 2024



JON S. TIGAR
United States District Judge